939 P.2d 1345

**ARIZONA PUBLIC SERVICE COMPANY, Appellant,**

v.

**The ARIZONA CORPORATION COMMISSION, an Agency of the State of Arizona, Appellee.**

**RESIDENTIAL UTILITY CONSUMER OFFICE, Appellant,**

v.

**The ARIZONA CORPORATION COMMISSION, an Agency of the State of Arizona, Appellee.**

**TUCSON ELECTRIC POWER COMPANY, an Arizona corporation, Appellant,**

v.

**The ARIZONA CORPORATION COMMISSION, an Agency of the State of Arizona, Appellee.**

**TRICO ELECTRIC COOPERATIVE, INC., an Arizona nonprofit corporation, Appellant,**

v.

**The ARIZONA CORPORATION COMMISSION, an Agency of the State of Arizona, Appellee.**

**GRAHAM COUNTY ELECTRIC COOPERATIVE, INC., a nonprofit Arizona distribution cooperative, Appellant,**

v.

**The ARIZONA CORPORATION COMMISSION, an Agency of the State of Arizona, Appellee.**

**DUNCAN VALLEY ELECTRIC COOPERATIVE, INC., a nonprofit Arizona distribution cooperative, Appellant,**

v.

**THE ARIZONA CORPORATION COMMISSION, an Agency of the State of Arizona, Appellee.**

SULPHUR SPRINGS VALLEY ELEC-
TRIC COOPERATIVE, INC., an Ari-
zona cooperative, non-profit member-
ship corporation, Appellant,

v.

The ARIZONA CORPORATION COM-
MISSION, an Agency of the State
of Arizona, Appellee.

ARIZONA ELECTRIC POWER COOP-
ERATIVE, INC., a nonprofit generation
and transmission cooperative, Appellant,

v.

The ARIZONA CORPORATION COM-
MISSION, an Agency of the State
of Arizona, Appellee.

CITIZENS UTILITIES COMPANY, a
Delaware corporation, Appellant,

v.

The ARIZONA CORPORATION COM-
MISSION, an Agency of the State
of Arizona, Appellee.

Nos. 1 CA–CC 97–0002 through
1 CA–CC 97–0010.

Court of Appeals of Arizona,
Division 1, Department C.

June 19, 1997.

Snell & Wilmer L.L.P. by Steven M.
Wheeler, Thomas L. Mumaw and Arizona
Public Service Company by Herbert I. Zinn,
Phoenix, for Arizona Public Service Co.

Residential Utility Consumer Office by
Paul R. Michaud, James P. Beene, Phoenix,
for Residential Utility Consumer Office.

Roshka Heyman & DeWulf, PLC by Ray-
mond S. Heyman, Phoenix, and Tucson Elec-
tric Power Company by Bradley S. Carroll,
Tucson, for Tucson Electric Power.

O'Connor Cavanagh Molloy Jones by Rus-
sell E. Jones, Tucson, for Trico Electric.

Johnston Maynard Grant & Parker, P.L.C.
by Michael M. Grant, Michael D. Curran,
Phoenix, for Graham County Electric, Dun-
can Valley Electric, and Arizona Electric
Power.

Hitchcock, Hicks & Conlogue by Christo-
pher Hitchcock, Bisbee, for Sulphur Springs.

Arizona Electric Power Cooperative, Inc.
by Patricia Cooper, Benson, for Arizona
Electric Power Cooperative, Inc.

Citizens Utilities Company by Beth Ann
Burns, Senior Counsel, Phoenix, for Citizens
Utilities.

Arizona Corporation Commission by Lindy
P. Funkhouser, Christopher C. Kempley,
Bradford A. Borman, Janet Wagner, Phoe-
nix, for Arizona Corporation Commission.

## OPINION

TOCI, Judge.

In December 1996, the Arizona Corpora-
tion Commission ("Commission") adopted
new rules governing competition in the provi-
sion of electricity. Nine interested parties
filed motions for reconsideration of the deci-

**194**

sion adopting the rules; the motions were denied by operation of law. Although the parties then filed appeals both in superior court and in this court, they have filed motions to dismiss the appeals here on the ground that we have no direct appellate jurisdiction.[1] We conclude that because these appeals do not concern "rate" cases, they do not fall within the terms of Ariz.Rev.Stat. Ann. ("A.R.S.") section 40–254.01, which grants limited appellate jurisdiction to this court over decisions of the Commission. We therefore grant the motions to dismiss.

## DISCUSSION

In 1994, the Commission staff began preparing for a transition from a non-competitive to a competitive electric market, and in 1996, filed proposed new procedural rules to govern electric services. Following a public comment period, in Decision No. 59943 on December 26, 1996, the Commission adopted the Electric Competition Rules, Arizona Administrative Code ("A.A.C.") R14–2–1601 through R14–2–1616. The appellants filed motions for reconsideration with the Commission, which were deemed denied.

In the motions to dismiss these appeals, the appellants contend that we lack jurisdiction over a direct appeal from Decision No. 59943 pursuant to A.R.S. section 40–254.01. We now turn to that statute.

■ By statute, the legislature granted this court jurisdiction over direct appeals from Commission orders as follows:

The attorney general . . . or any party to a proceeding before the commission who is dissatisfied with any order of the commission involving public service corporations and *relating to rate making or rate design* pursuant to §§ 40–243, 40–246, 40–250 and 40–251 may file within thirty days after a rehearing is denied or granted, and not afterwards, a notice of appeal in the court of appeals to vacate, set aside, affirm in part, reverse in part or remand with instructions to the commission the order if the court of appeals determines upon a clear and satisfactory showing that the order is unlawful or unreasonable.

A.R.S. § 40–254.01(A) (emphasis added). This statute represents an exception to the general requirement that dissatisfied parties appeal Commission decisions first to superior court and eliminates *de novo* review by that court. *Consolidated Water Utils., Ltd. v. Arizona Corp. Comm'n*, 178 Ariz. 478, 481, 875 P.2d 137, 140 (App.1993).

■ We decline to interpret the statute to give this court jurisdiction over direct appeals from a Commission's procedural order, such as this, that will only indirectly affect rates or that makes *pro forma* reference to one of the above enumerated statutes. Such an interpretation would essentially eliminate most appeals to the superior court and exceeds what we believe the legislature intended. Instead, we conclude that A.R.S. section 40–254.01 provides a limited avenue of direct appeal to this court if the order appealed from is an order in a rate case. *See* A.A.C. R14–2–103 (filing requirements and time limits for rate cases, which involve setting rates and determining fair value of property and reasonable rates of return). We find additional support for this interpretation in the legislative history. The legislature believed that A.R.S section 40–254.01 would eliminate the "large amount of time and expense . . . [from] what is now required to be trial *de novo* in superior court if any party of interest wants to appeal a rate case." *See Consolidated Water*, 178 Ariz. at 481, 875 P.2d at 140 (citing Minutes of Senate Committee on Judiciary, April 16, 1991 at 10).

The Commission argues that the superior court may not review Decision No. 59943, but that issue is not yet before us. We hold only that this court does not have jurisdiction over direct appeals from the Commission order promulgating the rules. We, therefore, dismiss the appeals for lack of jurisdiction.

GERBER, P.J., and SULT, J., concur.

---

1. We have *sua sponte* consolidated these appeals in order to address the single issue raised in each of them.